IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY TOPAZ JONES,

  Petitioner,    No. 2:12-cv-2646 CKD P

 vs.

MATTHEW CATE, et al.,

  Respondents.    ORDER

_____/

  Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to have a magistrate judge conduct all proceedings in this case. See 28 U.S.C. § 636(c).

  Petitioner has requested leave to proceed in forma pauperis. Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

  Under Rule 4 of the Rules Governing § 2254 Cases, the court must conduct a preliminary review of § 2254 habeas petitions and dismiss any petition where it plainly appears that petitioner is not entitled to relief. The court has reviewed both claims presented in petitioner's habeas petition.

1

Petitioner is serving an indeterminate sentence and has been eligible for parole since November 25, 2008. Pet. at 43.[1] Petitioner was last denied parole on November 7, 2011 and the panel that denied petitioner parole indicated his next parole hearing would occur in three years. Pet. at 32. Petitioner asserts the three year delay in the scheduling of his follow-up parole hearing amounts to a violation of the Constitutional prohibition against ex post facto laws.

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[2] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is

---

[1] Page numbers are those assigned by the court's electronic docketing system.

[2] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 119 (2007).

        objectively unreasonable, and we stressed in <u>Williams</u> [v. Taylor,
        529 U.S. 362 (2000)] that an unreasonable application is different
        from an incorrect one.

<u>Bell v. Cone</u>, 535 U.S. 685, 694 (2002).

        The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  <u>Avila v. Galaza</u>, 297 F.3d 911, 918 (9th Cir. 2002).

        A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002).

        "[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."  <u>Harrington v. Richter</u>, 131 S. Ct. 770, 784-85 (2011).  "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely."  <u>Id</u>. at 785.

        Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  <u>Himes v. Thompson</u>, 336 F.3d 848, 853 (9th Cir. 2003).  As long as "'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief is precluded.  <u>Harrington</u>, 131 S. Ct. 786.

        California voters recently approved the "Victims' Bill of Rights Act of 2008," otherwise known as "Marsy's Law."  Under California law as it existed prior to the enactment of "Marsy's Law," indeterminately-sentenced inmates, such as petitioner, were denied parole for one year unless the parole hearing panel found it unreasonable to expect that parole could be granted the following year, in which case the subsequent hearing could be extended up to five

years. Cal. Penal Code § 3041.5(b)(2) (2008). At his 2011 parole hearing, petitioner was subject to the terms of "Marsy's Law," which authorizes denial of a subsequent parole hearing for a period of up to fifteen years. Cal. Pen. Code, § 3041.5(b)(3). The shortest interval that the parole hearing panel may set is three years, based on a finding that petitioner "does not require a more lengthy period of incarceration . . . than seven additional years." Cal. Pen. Code, § 3041.5(b)(3)(c).

Petitioner's ex post facto claim was denied at all three levels of California's Courts. Pet. at 8, 32 & 38. The last court to address the claim in detail was the California Court of Appeal:

> The court has read and considered the petition for writ of habeas corpus filed April 30, 2012. The petition is denied. Petitioner fails to adequately demonstrate a violation of ex post facto principles by the 2008 amendments to Penal Code section 3041.5, subdivision (b) commonly known as Marsy's Law. (See *Garner v. Jones* (2000) 529 U.S. 244, 250-251; *Cal. Dept. Of Corrections v. Morales* (1995) 514 U.S. 499, 507-512; *Gilman v. Schwarzenegger* (9th Cir. 2011) 638 F.3d 1101, 1110-1111; *In re Jackson* (1985) 39 Cal.3d 464, 472-477; see also *Lynce v. Mathis* (1997) 519 U.S. 433, 447; *John L. v. Superior Court* (2004) 33 Cal.4th 158, 173, 1881-185.)

Pet. at 38. Because the Court of Appeal's decision with respect to petitioner's ex post facto claim is the last decision where any supporting reasoning is provided, it is that decision the court examines to determine if petitioner is barred from obtaining relief by 28 U.S.C. § 2254(d).

Clearly established federal law, as determined by Supreme Court, is as follows with respect to petitioner's ex post facto claim. A law violates the Ex Post Facto Clause if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). A court may find an ex post facto violation if a change in the law "produces a sufficient risk of increasing the measure of punishment attached to the covered crimes." California Dep't of Corrections v. Morales, 514 U.S. 499, 509 (1995). The Supreme Court has not articulated a

specific formula for "identifying those legislative changes that have a sufficient effect on . . . punishments to fall within the constitutional prohibition on [ex post facto laws]." Id. However, the court has found that changes that create only the most "speculative and attenuated possibility of producing the prohibited effect" of increasing punishment do not run afoul of the ex post facto clause. Id.; See Garner v. Jones, 529 U.S. 244, 251 (2000) (legislative change to parole rules must at minimum create "significant risk of prolonging . . . incarceration" to constitute a violation of the Ex Post Facto Clause).

The Supreme Court has not directly addressed whether application of "Marsy's Law" to persons convicted prior to its enactment constitutes the sufficient risk of increased punishment prohibited by the Ex Post Facto Clause. However, the Court has addressed an ex post facto challenge to a change in California law concerning the frequency of parole hearings. In Morales, 514 U.S. at 514, the court found that a 1981 amendment to Section 3041.5, which increased maximum deferral period of parole suitability hearings to certain individuals from one to three years, did not violate the Ex Post Facto Clause. Among other things, the court found the fact that an inmate could always seek an expedited hearing if the inmate felt that, between scheduled hearings, circumstances had changed to the point that he or she might at that time be found suitable for parole. Id. at 512-13. Considering this fact, the Court found: "there is no reason to conclude that the amendment will have any effect on any prisoner's actual term of confinement . . ." Id. at 512.

Also, in Garner, 529 U.S. 244, the Court upheld Georgia's change in the frequency of parole hearings for prisoners serving life sentences from three to eight years in the face of an ex post facto challenge. Again, the Court found it significant that inmates could seek an expedited hearing in the event of a change of circumstances:

> On the record in this case, we cannot conclude the change in Georgia law lengthened respondent's time of actual imprisonment. Georgia law vests broad discretion with the Board, and our analysis rests upon the premise that the Board exercises its discretion in accordance with its assessment of each inmate's likelihood of

        release between reconsideration dates. If the assessment later turns
out not to hold true for particular inmates, they may invoke the
policy the Parole Board has adopted to permit expedited
consideration in the event of a change in circumstances.

Id. at 256.

        Here, as indicated above, the changes to the frequency of parole hearings are more extensive than in Morales and Garner and can potentially result in subsequent parole hearings occurring as much as fifteen years after the prior hearing.[3] However, as in Morales and Garner, the parole board concerned, in this case the California Board of Parole Hearings post-"Marsy's Law," has the ability to advance a parole suitability hearing when "a change in circumstances or new information" essentially establishes a reasonable likelihood that an inmate will be found suitable for parole. Cal. Pen. Code, § 3041.5(b)(4).

        After reviewing the facts applicable to petitioner's ex post facto claim, the California Court of Appeal's decision rejecting petitioner's ex post facto claim, clearly established federal law as determined by the Supreme Court, and California statutes and regulations related to the frequency with which parole hearings occurring after the first parole hearing must be held, the court finds that the decision of the California Court of Appeal rejecting petitioner's ex post facto claim is not contrary to, nor does it involve an unreasonable application of clearly established federal law as determined by the Supreme Court. The Court of Appeal cited the authority from the Supreme Court most related to petitioner's claim and the conclusion that petitioner did not suffer a violation of the ex post facto clause is in line with decisions reached by the Supreme Court in both Morales and Garner, especially in light of the fact that, as in Morales and Garner, the parole board concerned can expedite a suitability hearing if the board believes it is

/////

---

[3] See Gilman v. Schwarzenegger, 638 F.3d 1101, 1107-08 (9th Cir. 2011) for a detailed discussion of the differences between the statutes and regulations at issue in Morales, Garner, and in California post-"Marsy's Law."

reasonable to assume that the inmate in question will be paroled.[4]  Furthermore, nothing suggests the decision to reject petitioner's ex post facto claim by the Court of Appeal is based on an unreasonable determination of the facts.  For all of the foregoing reasons, it is plain that petitioner is barred by 28 U.S.C. § 2254(d) from obtaining relief as to his ex post facto claim.

In his second claim, petitioner suggests he has not received all of the good conduct sentence credit to which he is entitled.  However, as indicated, petitioner's continued incarceration is dependent on the fact that he has been denied parole, not upon whether he has been granted less good conduct sentence credit than that to which he is entitled.  It is plain that petitioner is not entitled to relief on his second claim.

For all the foregoing reasons, petitioner's application for writ of habeas corpus will be dismissed, and this case will be closed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (Dkt. No. 2) is granted;

2. Petitioner's application for writ of habeas corpus is dismissed;

3. This case is closed; and

4. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

Dated: November 19, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
jone2646.dis

---

[4] Petitioner is informed that there is a 42 U.S.C. § 1983 class action pending in this court where it is alleged that "Marsy's Law" violates the Ex Post Facto Clause of the Constitution.  The name of the case is Gilman v. Fisher, CIV-S-05-0830 LKK GGH P and the class of persons identified as plaintiffs in that action consist of California prisoners serving indeterminate sentences, who are eligible for parole and who have been denied parole on one or more occasion.  March 4, 2009 Order at 9.  It appears petitioner is a member of that class.